UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF MICHIGAN,<br><br>Plaintiff,<br><br>v.<br><br>LEICA MICROSYSTEMS INC.,<br><br>Defendant. | Case No. 19-cv-07470-WHO<br><br>**ORDER GRANTING LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: Dkt. No. 88 |

Plaintiff the Regents of the University of Michigan ("Michigan") seeks leave to amend their infringement contentions to cover defendant Leica Microsystems, Inc.'s ("Leica") "next generation" Stellaris platform of microscopes.[1]  Both sides agree to the following:  Stellaris was not launched until late April 2020 (shortly after Michigan filed its Infringement Contentions in March 2020, approximately 8 months after this case was filed); this case was stayed pending an IPR in early July 2020; the Stellaris platform employs a "white light later and associated detectors" similar to the products identified in Michigan's March 2020 Infringement Contentions; and three months after the stay was lifted in this case (and after Leica refused to provide discovery on the Stellaris platform products because they were not encompassed in Michigan's March 2020 Infringement Contentions), Michigan sought leave to file Amended Infringement Contentions to cover the Stellaris platform products.  Dkt. Nos. 88, 91.

Patent Local Rule 3-6 allows for the amendment of infringement contentions by court order "upon a timely showing of good cause."  "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause" include

---

[1] This matter is suitable for determination on the papers.  The November 1, 2023, hearing is VACATED.  *See* Civ. L.R. 7-1(b).  Leica's administrative motions to seal the pricing information on its products, Dkt. Nos. 92 & 93, are GRANTED for compelling justifications shown.

1  "[r]ecent discovery of nonpublic information about the accused instrumentality which was not
2  discovered, despite diligent efforts, before the service of the infringement contentions." Patent
3  L.R. 3-6.

4  "The good cause inquiry is two-fold: (1) whether the moving party was diligent in
5  amending its contentions; and (2) whether the non-moving party would suffer prejudice if the
6  motion to amend were granted." *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-CV-00119-
7  HSG, 2018 WL 5619743, at *3 (N.D. Cal. Oct. 29, 2018) (citation omitted). "Diligence is the
8  critical issue in the good cause determination" and consists of two subparts: "(1) diligence in
9  discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for
10 amendment has been discovered." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-
11 00876-RS, 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016) (citations and quotations omitted).
12 The moving party bears the burden of establishing diligence, but the court has discretion to grant
13 leave to amend "even in the absence of diligence so long as there is no prejudice to the opposing
14 party." *Id*. (citations omitted). Prejudice can be shown when there will be disruptions to the case
15 schedule or other court orders, or when a party changes its infringement theories or requires its
16 opposition to prepare additional defenses. *See Synchronoss Techs.*, 2018 WL 5619743, at *5; *see
17 also Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. CV-12-00630-LHK, 2012 WL 5632618, at *
18 3 (N.D. Cal. Nov. 15, 2012).

19  Leica opposes the motion to amend, arguing primarily that Michigan was not diligent in
20 moving to amend –the Stellaris products were advertised three months before this case was stayed
21 yet Michigan waited three months after the stay was lifted to seek leave. Dkt. No. 91. Leica also
22 contends that it will be prejudiced by the proposed amendment because the case will become more
23 "complicated" and Leica will be required to perform additional infringement and damages
24 analyses. *Id*.

25  The motion for leave to amend is GRANTED. Michigan has been adequately diligent in
26 moving to amend. The short time frame between the disclosure of the next generation Stellaris
27 platform and the stay in this case (three months, during which the parties disclosed to the court
28 that settlement negotiations were ongoing) and the short time between the lifting of the stay and

2

Michigan seeking leave to amend (three months, during which Michigan sought discovery on the Stellaris platform products) is not excessive.  There is good cause shown for the failure to list the Stellaris platform products in the initial contentions at it was released shortly after the infringement contentions were originally served.

More importantly, there is no prejudice to Leica from this amendment.  Simply having to do more work does not constitute prejudice.  *See, e.g., Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011), aff'd, 475 F. App'x 334 (Fed. Cir. 2012 ("Generally, the issue is not whether the defendant would be required to engage in additional work in response to newly amended claims. The question is what incremental prejudice results from the delay in asserting those claims (e.g., in ability to complete discovery because of approaching trial date).").  We are at an early stage in this case; there is no fact or expert discovery cut off or case schedule, other than the claim construction hearing set for January 12, 2024.   Accordingly, the motion is GRANTED.

**IT IS SO ORDERED.**

Dated: October 26, 2023

William H. Orrick
United States District Judge