UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF MICHIGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>LEICA MICROSYSTEMS INC.,<br><br>    Defendant. | Case No. 19-cv-07470-WHO<br><br>**ORDER ON CLAIM CONSTRUCTION AND MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 98, 102 |

Currently before me are the parties' disputes over the appropriate construction of three sets of claim terms and plaintiff The Regents of the University of Michigan's (Michigan's) motion to strike the testimony of defendant Leica Microsystems, Inc.'s (Leica's) claim construction expert Wayne Knox. Dkt. No. 102. As discussed below, I construe the first set of terms in Leica's favor, but reject both sides' proposed constructions of the second and third set of terms, adopting instead the plain meaning of those terms. Given that ruling, the motion to strike the testimony of Knox is no longer relevant and the motion to strike is DENIED as moot.[1]

## DISCUSSION

### I. CLAIM CONSTRUCTION

U.S. Patent No. 7,277,169, titled "Whole Spectrum Fluorescence Detection With Ultrafast White Light Excitation," relates generally to a fluorescence detection system that can detect multiple fluorescent molecules, called fluorophores, in a sample. The parties dispute the appropriate construction of three sets of claim terms. I address each in turn.

---

[1] This matter was initially set for hearing on February 13, 2024. Prior to that hearing, I issued a short order identifying my tentative claim construction opinions and opinion on the motion to strike. Dkt. No. 111. In light of those tentative opinions, the parties jointly agreed they would submit on the briefing and the hearing was vacated.

### A. Preambles of Independent Claims 1, 10, and 19

| Claim Term | Michigan's Proposal | Leica's Proposal |
| --- | --- | --- |
| "A fluorescence detection system for testing a sample, said sample having a plurality of fluorophores, said fluorescence detection system comprising" (claims 1, 10) | Preamble is a limitation. Plain and ordinary meaning. The claimed "fluorescence detection system" is a required element of the claim. The claimed "fluorescence detection system" is "for testing a sample," but the "sample" and "a plurality of fluorophores" are not required elements of the "fluorescence detection system." | Preamble is limiting. Plain and ordinary meaning – "a fluorescence detection system for testing a sample having a [plurality of fluorophores / first fluorophore and a second fluorophore], the system comprising…" The limitations – "a sample" and "a [plurality of fluorophores / first fluorophore and a second fluorophore]" – are required elements of the claim. |
| "A fluorescence detection system for testing a sample, said sample having a first fluorophore and a second fluorophore, said fluorescence detection system comprising" (claim 19) | Preamble is a limitation. Plain and ordinary meaning. The claimed "fluorescence detection system" is a required element of the claim. The claimed "fluorescence detection system" is "for testing a sample," but the "sample" and "a first fluorophore and a second fluorophore" are not required elements of the "fluorescence detection system." | Preamble is limiting. Plain and ordinary meaning – "a fluorescence detection system for testing a sample having a [plurality of fluorophores / first fluorophore and a second fluorophore], the system comprising…" The limitations – "a sample" and "a [plurality of fluorophores / first fluorophore and a second fluorophore]" – are required elements of the claim. |

Both sides agree that the preamble describing the system is limiting. *See, e.g., Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002) ("In general, a preamble limits the invention if it recites essential structure or steps, or if it is "necessary to give life, meaning, and vitality" to the claim."). They disagree on what the nature of that limitation is. Michigan argues that the limitation is the requirement of a "fluorescence detection system" but not the other structure identified in the preamble, the "sample having a plurality of fluorophores." Leica asserts that the relevant structural limitation is the "sample having a plurality of

fluorophores."[2]  Leica has the better argument.

Michigan contends that "for testing a sample having multiple fluorophores" refers to the intended use of the claimed "florescence detection system," meaning only that the system is capable of testing that sample, not that the claims require that sample.  *John Bean Techs. Corp. v. Morris & Assocs., Inc.*, 828 F. App'x 707, 714 (Fed. Cir. 2020) ("But for us to resolve this case, it is enough to observe that the cited "for" language—in what are product claims to the "tank assembly" itself, not claims to methods of use—is language of capability.").  According to Michigan, the language of Claims 1, 10 and 19 simply define the structural components of the "fluorescence detection system," and do not include the sample with multiple fluorophores as part of that structure.  But the overall invention is the "system": the question is, what in the preamble limits that system?

As Leica notes, in the IPR proceedings Michigan avoided Leica's obviousness challenge based on an identified reference (Marriott) by noting that Marriott did not "disclose any sample with a plurality of fluorophores."  The PTAB identified and relied on that admission, noting that "the parties agree that the claims require a sample having a plurality of fluorophores and excitation of a sample having multiple fluorophores."  Dkt. No. 98-7 at 21 n.10.  That admission is binding on Michigan. *Data Engine Techs. LLC v. Google LLC*, 10 F.4th 1375, 1381 (Fed. Cir. 2021) ("where, as here, a patentee relies on language found in the preamble to successfully argue that its claims are directed to eligible subject matter, it cannot later assert that the preamble term has no patentable weight for purposes of showing infringement.").  Leica also distinguishes the computer software cases relied on by Michigan[3]  that address "for [gerund]" capability as irrelevant to this

---

[2] Both sides agree on the significance of the dispute.  Under Michigan's proposed construction, Leica would possibly be liable for direct infringement because it allegedly makes a system capable of doing this.  Under Leica's proposed construction, where the "sample" and "fluorophores" physical structures are required to be within the system, Leica would escape direct infringement, as according to Michigan, it is the customers of Leica who provide the samples and test the samples.

[3] *Finjan, Inc. v. Secure Computing Corp.*, 626 F.3d 1197, 1204 (Fed. Cir. 2010) and *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1216–17 (Fed. Cir. 2014), both computer software cases considering "for" language as capability language, and the unpublished *John Bean* decision, which relied on those cases.

3

apparatus claim.  *See* Dkt. No. 101 at pages 25-26 of 30.

**Leica's construction is adopted; the sample containing a plurality of fluorophores is a required element of the claim**.  The language of the preamble for this apparatus claim makes it clear that a sample having a plurality of fluorophores is an element of the claim.  The system covers an apparatus "for testing a sample" and that "sample has" the plurality of fluorophores.  That is consistent with the position taken by Michigan in order to distinguish its invention over prior art throughout patent prosecution and the IPR proceedings,.

**B.      "Exciting" and "Outputting"**

| Claim Term | Michigan's Proposal | Leica's Proposal |
|---|---|---|
| "exciting" | Plain and ordinary meaning | Claimed system affirmatively required to perform the claimed act; otherwise plain and ordinary meaning |
| "outputting" | Plain and ordinary meaning | Claimed system affirmatively required to perform the claimed act; otherwise plain and ordinary meaning |

**These terms will be given their plain and ordinary meaning**.  It is not appropriate at claim construction to determine – as Leica wants me to and as Michigan opposes – whether the "claimed system" affirmatively requires the "claimed acts" to be performed.  That is an issue to be determined on summary judgment or at trial.

**C.      "Said Supercontinuum White Light Pulse Exciting the Plurality of Fluorophores of the Sample to Emit Fluorescence"**

| Claim Term | Michigan's Proposal | Leica's Proposal |
|---|---|---|
| "said supercontinuum white light pulse exciting the plurality of fluorophores of the sample to emit fluorescence" (claims 1, 10) | "said supercontinuum white light pulse providing photons for absorption by the plurality of fluorophores of the sample to emit fluorescence" | "the full supercontinuum white light pulse comprising the entire spectrum of white light [as construed] is used to simultaneously excite the plurality of fluorophores and cause the fluorophores to emit fluorescence" |
| "said supercontinuum white light pulse exciting the first | "said supercontinuum white light pulse providing photons for absorption by the first fluorophore | "the full supercontinuum white light pulse comprising the entire spectrum of white light [as |

4

| fluorophore and the second fluorophore to emit a first fluorescence and a second fluorescence respectively" (claim 19) | and the second fluorophore to emit a first fluorescence and a second fluorescence respectively" | construed] is used to simultaneously excite the first and second fluorophores and cause the fluorophores to emit first and second fluorescence, respectively" |
|---|---|---|

**These terms will be given their plain and ordinary meaning without any other construction, but with the assistance of expert testimony at trial**. As above, neither side actually attempts to define the disputed terms. Instead, they ask me to load into these phrases concepts that will help one side prove or the other disprove infringement. That is not appropriate.

## II. MOTION TO STRIKE

Separately Michigan moves to strike the "undisclosed" expert declaration of Wayne Knox, under Patent Local Rule 4-2 ("Exchange of Preliminary Claim Constructions and Extrinsic Evidence"). Dkt. No. 102. Michigan argues that Leica blatantly violated the rule which requires disclosure of not only the subject matter of expert testimony on claim construction but also the identity of the expert who will provide it. Despite notice and objection from Michigan, it claims that Leica failed to disclose definitively whether it would rely on expert testimony at claim construction and, until Leica filed its responsive claim construction brief, failed to disclose that such testimony would come from Knox,.

Leica responds that Rule 4-2 does not expressly require disclosure of the identity of an expert for claim construction as long as the subject matter of expert testimony is adequately described. It also notes that the claim construction schedule proposed by Michigan required disclosure of expert reports contemporaneously with the briefing, which is when Leica disclosed Knox's report. Finally, it argues that Michigan cannot show harm, as Michigan has known of Knox since the IPR proceedings, where it deposed him regarding his 160-page IPR expert report.

I acknowledge that the Northern District's Patent Local Rules are somewhat ambiguous on whether the identity of a claims construction expert has to be disclosed under Rule 4-2. The better interpretation – consistent with the purpose and spirit of the Patent Local Rules intending to

streamline patent litigation – is that disclosure of the identity of experts is required.[4]

That said, this dispute is moot in light of the plain and ordinary meaning constructions adopted above. I do not consider nor rely on Knox's positions regarding the prosecution history and Michigan's efforts to distinguish prior art for the third set of terms addressed above. The motion to strike is DENIED. If Leica intends to submit testimony from Knox in connection with the merits of this case, it shall disclose his opinions consistent with the purpose and spirit of the District's Patent Local Rules.

## CONCLUSION

The first set of terms are construed as "a fluorescence detection system for testing a sample having a [plurality of fluorophores / first fluorophore and a second fluorophore], the system comprising… ." The second and third sets are given their plain and ordinary meaning. The motion to strike is DENIED as moot.

**IT IS SO ORDERED.**

Dated: February 14, 2024

William H. Orrick
United States District Judge

---

[4] *See, e.g., Fluidigm Corp. v. IONpath, Inc.*, No. C 19-05639 WHA, 2020 WL 5073938, at *5 (N.D. Cal. Aug. 25, 2020) (discussing opinions from this District that required disclosure of identities of experts); *see also Asia Vital Components Co. v. Asetek Danmark A/S*, No. 16-CV-07160-JST, 2018 WL 452109, at *2 (N.D. Cal. Jan. 17, 2018) (requiring disclosure of the identity of the expert).